(18 App. Div. 584.)

PEOPLE v. ARMOUR et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

1. DISCOVERY—EXAMINATION OF CORPORATE EMPLOYES.
    A plaintiff, for the purpose of enabling him to state his complaint more definitely, as required by an order of court, is entitled to an order requiring the examination of employés of a railroad corporation, not directors or executive officers, by virtue of Code Civ. Proc. § 871, providing for the taking of a deposition of a person not a party, whose testimony is material and necessary, and section 872, subd. 7, providing for the examination of a corporation by the examination of its officers and directors.

2. SAME.
    The fact that the acts for which penalties are sought to be recovered are misdemeanors is no reason for denying plaintiff the right to examine third persons.

Appeal from trial term.

Action by the people of the state of New York against Philip D. Armour and others. From an order denying a motion to vacate seven

orders for the examination of several persons, defendants appeal.    Af-
firmed.

April 10, 1893, a statute of this state known as the "Agricultural Law" (chap-
ter 338 of the Laws of that year) was passed and took effect.   By section 26
of that act it was made a penalty to sell or offer for sale oleomargarine within
this state.    By section 37 a penalty of $100 was provided for every violation of
the provisions of section 26.    It appears by the record that the defendants, who
reside at Chicago, during the years 1893 and 1894 were, through their agents,
engaged in selling oleomargarine, butterine, and other imitations of butter in
this state, in violation of this statute, relying upon the belief that the statute
was violative of the constitution of the United States.    December 10, 1894, the
case of Plumley v. Massachusetts was decided by the supreme court of the
United States (155 U. S. 461, 15 Sup. Ct. 154), holding that a similar statute
of the state of Massachusetts was not violative of the constitution of the United
States.    Immediately thereafter the defendants withdrew their agencies in this
state for the sale of oleomargarine, butterine, and other imitations of butter,
and directed the return by their agents of all books and papers relating to pre-
vious shipments and sales.    By chapter 70 of the Laws of 1895, the commis-
sioner of agriculture, subject to the approval, in writing, of the governor and
attorney general, was authorized to compromise all causes of actions arising
under the agricultural law prior to the passage of chapter 70.    Efforts to effect
a compromise with the defendants failed, and February 21, 1896, this action
was begun by the personal service of the summons and complaint, and on the
7th of March, 1896, all the defendants appeared by their attorneys.    The com-
plaint sets forth several hundred violations of the statute, and demands a judg-
ment for $589,700.    In June, 1896, upon the motion of the defendants, an order
was granted requiring the plaintiff to make the complaint more definite and
certain, by stating separately and numbering each of the alleged causes of
actions.    The plaintiff, for the purpose of complying with this order, obtained
seven ex parte orders, requiring the examination of several persons, all of
whom are employés, not directors or executive officers, of four railroad corpora-
tions, who, it is alleged, have knowledge of facts which will enable the plaintiff
separately to state and number the causes of action.    Upon the entry of these
orders, the defendants moved to vacate them, which motion, by an order dated
September 1, 1896, was denied, and from this order the defendants appeal.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

Benjamin F. Tracy, for appellants.
Daniel G. Griffin, for respondent.


FOLLETT, J.   This proceeding is not one for the discovery of
books and papers, pursuant to article 4 of title 6 of chapter 8 of the
Code of Civil Procedure, entitled "Discovery of Books and Papers,"
which is a substitute for the bill of discovery of the court of chancery.
Such a bill, with few exceptions, could be maintained only against
persons having an interest in the subject-matter of the discovery.
Mere witnesses ordinarily could not be made parties to such a bill.
Story, Eq. Pl. (10th Ed.) § 232.   The proceeding authorized by this
article can be maintained only against a party to an action.   The
provisions of the sections contained in this article, the decisions under
those sections, and the earlier decisions relating to bills of discovery
in chancery, are not germane to the questions involved in this appeal.
The proceeding which this court is called upon to review was instituted
and is maintainable, if at all, under article 1 of title 3 of chapter 9 of
the Code of Civil Procedure, which chapter prescribes the modes in
which evidence may be obtained from parties to actions and from

persons not parties to actions. This chapter is entitled "Evidence." Under section 871 (one of the sections of article 1 of the chapter last referred to), the court has power to compel a person not a party to an action to submit to an examination in behalf of a party to an action when it is shown by affidavit "that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action." Section 872, subd. 4. It is true that the word "testimony" is used in the subdivision last quoted from, but it has never been contended that the word as here used does not embrace "evidence." Indeed, subdivision 7 of this section refers to "books and papers as to the contents of which an examination or inspection is desired." I think it cannot be successfully contended that a person not a party to an action, ordered to testify under this article, cannot be compelled to produce documents containing relevant facts. In case a person not a party to an action is the custodian of a contract or other document which it is necessary for the plaintiff to ascertain the contents of to prosecute his action, such person may be compelled to produce it, under an order granted in a proceeding like the one before the court.

That the evidence sought to be obtained is material and necessary to enable the plaintiff to prosecute this action is not disputed. The action of the defendants in compelling the complaint to be made more definite and certain has made the evidence necessary. In so far as these orders require the examination of persons, they are clearly authorized by the Code. And the fact that the persons to be examined happen to be the employés of corporations, and learned the facts which they are supposed to know, and in respect to which they are to be examined, while acting as such employés, is an immaterial circumstance. The plaintiff has a clear right to ascertain these facts, no matter how or in what capacity the persons to be examined learned them. It is not averred in the affidavits upon which the motion to vacate the orders was founded that the persons ordered to be examined have not the power to produce the books and papers belonging to their employers. It may be that these persons, when examined, will be able to testify, without the aid of documents, to facts sufficient to enable the plaintiff to proceed with the action; but if they are not, and do not produce the documents, the question whether they can and should be compelled to produce them will probably become a question for judicial decision. No cases have been cited holding that the court is without power to order the examination of persons, not parties to the action, simply because they acquired their information while acting as the employés of corporations which are not parties to the action.

People v. Mutual Gaslight Co., 54 How. Prac. 286, 14 Hun, 157, and 74 N. Y. 434, and Boorman v. Railroad Co., 17 Hun, 555, affirmed 78 N. Y. 599, are not in point. They are not cases in which persons who happened to be directors of corporations were sought to be examined in actions between third persons, in which the corporations had no interest. The case first cited was brought to vacate the defendant's charter, because one-half of its stock had not been paid in, and the director who had verified the answer, alleging that one-half of the stock had been paid in, was ordered to testify in respect to this issue.

Boorman v. Railroad Co., supra, was an action against a foreign corporation to recover a dividend, a notice of the declaration of which had been published by the defendant. The defendant alleged in its answer that it had not knowledge sufficient to form a belief whether the plaintiff was a stockholder, and denied that a dividend had been declared, but admitted that it had published a notice that one had been declared. An ex parte order was obtained, requiring three of the defendant's directors, who resided in New York City, to appear and testify and produce the records of the meetings of the board of directors held in March, September, and October, 1875, and also the stock register. In the application for the order, the plaintiff prayed for an "inspection" of said books; and the order directed "an inspection of said books and minutes." This order was set aside on the papers on which it was granted. An appeal was taken to the general term, where the order was affirmed, and it was afterwards affirmed in the court of appeals. These cases relate to the examination of the directors of corporations which were parties defendant in respect to corporate acts. When those cases arose and were decided, the word "corporation" was not used in article 1 of title 3 of chapter 9 of the Code of Civil Procedure, and subdivision 7 of section 872 then read as follows:

"(7) Any other fact necessary to show that the case comes within one of the last two sections, or relevant to the questions specified in the next section."

People v. Mutual Gaslight Co., supra, was decided September 24, 1878, and Boorman v. Railroad Co., supra, was decided November 18, 1879; and, by chapter 536 of the Laws of 1880, subdivision 7 was amended so that it now reads as follows:

"(7) Any other fact necessary to show that the case comes within one of the last two sections, and if the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers."

This amendment was for the purpose of obviating the effect of the cases cited, and to provide for the examination of the officers of a corporation when it is a party to the action in which the examination is sought. This much this amendment was designed to effect, and I do not regard it as important to consider, on this appeal, whether the word "party," as used in that subdivision, is to be restricted to its technical meaning,—"party to an action,"—or whether it is to be given a broader meaning, and include "persons." The word "party" is often, though not quite correctly, used as a synonym of the word "person."

In case an employé of a person not within the state, or who is insane, has in his custody documents containing material facts necessary for a plaintiff definitely to ascertain in order to prosecute his action, would it be seriously contended that such employé could not be compelled to appear, testify, and produce the documents, because the court could not compel his employer to testify? The fact that employers cannot be compelled to testify is no reason for not compelling their

employés to testify, and the employés of corporations are no more exempt from testifying in actions between third persons, before trial, or on the trial of actions, than are the employés of individuals or firms. Section 868 of the Code of Civil Procedure expressly provides that books or papers belonging to corporations must be produced on a trial under a subpœna duces tecum. The fact that the acts for which penalties are sought to be recovered in this action are misdemeanors, under section 408a of the Penal Code, as amended by chapter 692 of the Laws of 1893, and by chapter 426 of the Laws of 1894, is no reason for denying the plaintiff the right to examine third persons. Under section 148 of the Code of Criminal Procedure, witnesses may be compelled to testify to the commission of offenses by others upon an application for a warrant.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

HARDIN, P. J.    I think, under sections 871 and 872, subd. 7, Code Civ. Proc., the court had power to require persons not a party to the release to be examined (Horst v. Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3), and therefore I vote to affirm, upon the within opinion.