(38 App. Div. 137.)

CAMPBELL et al. v. BROCK'S COMMERCIAL AGENCY, Limited.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

1. DISCOVERY—EX PARTE ORDER—REMEDY.
     The remedy against a judge's ex parte order requiring a party to appear and submit to an examination is by motion to set it aside, and not by appeal.
2. SAME—BILL OF PARTICULARS.
     Where an order for a bill of particulars required plaintiff to give defendant information to be found alone in defendant's books, an order for defendant's examination was proper.
3. SAME—LIBEL—COMMERCIAL AGENCIES.
     In an action against a commercial agency for delivering a libel to its subscribers, plaintiff can make proof of delivery to any subscriber, and hence the fact that he knows the names of certain of them is not a reason.

for denying him the right to examine defendant's books to ascertain the name of all of them, that he may put them in his bill of particulars.

4. SAME—INCRIMINATING QUESTIONS—PRIVILEGE.

In an action of libel against a commercial agency, it is no reason for refusing an order to examine defendant's officers that information charging them with a crime might be elicited. If a question tending to so charge them be asked, they could then assert their privilege.

Appeal from special term, New York county.

Action by John Campbell and others against Brock's Commercial Agency, Limited. From an order requiring the examination of defendant's officers, and from two orders denying the motion to vacate it, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

D. M. Porter, for appellant.
Henry W. Bean, for respondents.

RUMSEY, J. The order of January 7th, requiring the defendant's officers to appear and submit to an examination, was a judge's order made ex parte. The remedy, if it was irregular or improper, was by a motion to set it aside, and not by appeal. The appeal, therefore, from this order, was unauthorized, and must be dismissed.

The order for a bill of particulars required of the plaintiffs to give to the defendant certain information which the defendant's books alone contained. It was, therefore, important, before the plaintiffs could comply with this order, and make the bill of particulars, that they should obtain from the defendant this necessary information. For that reason it was proper to deny the motion to vacate the order for an examination. The fact that the plaintiffs know the names of certain of the subscribers to the defendant's reports is not a reason for denying them the right to examine the books of the defendant, and ascertain the names of all the subscribers to whom this libel was delivered, because they have the right to make proof of a delivery of the libel to any one whom they learn to be such at any time. It is therefore necessary that they should know the names of all the subscribers, in order that they may be able to put them in the bill of particulars, and thus be in a situation to prove the delivery to any subscriber, if they shall subsequently ascertain that such delivery was made. The examination will not necessarily involve any information which might charge the officers of this corporation with a crime. The officers are not charged with libel, and it cannot be assumed that they are personally guilty because one of the employés of the corporation sent these libelous articles to the subscribers. People v. Armour, 18 App. Div. 584, 46 N. Y. Supp. 317; Fox v. Miller, 20 App. Div. 333, 46 N. Y. Supp. 837. If, upon the examination, any question should be asked of one of the officers as to which he should be entitled to claim his privilege because it tended to convict him of crime, he would then be at liberty to assert his privilege, and the judge before whom the examination was taken would be called upon to rule upon the question. Skinner v. Steele, 88 Hun, 308, 34 N. Y. Supp. 748.

For these reasons, the order should be affirmed, with $10 costs and disbursements. All concur.