HARRY L. BLOODGOOD, as Administrator, etc., of JOHN BLOODGOOD, Deceased, Appellant, *v.* JOHN D. SLAYBACK, Respondent.

*An examination before trial and an inspection of books, etc., cannot both be directed by one order — books may be produced as an adjunct of the oral examination — the procedure for inspection is by petition.*

An order for the examination of a party before trial, pursuant to section 873 of the Code of Civil Procedure, and an order for an inspection of books and papers in his possession, cannot be united in one order.

*Semble,* that the witness might be required, under sections 872 and 873 of the Code of Civil Procedure, to produce books and papers as an adjunct to his cral examination.

A proceeding for the inspection of books must be commenced on petition.

APPEAL by the plaintiff, Harry L. Bloodgood, as administrator, etc., of John Bloodgood, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of May, 1901, vacating an order for the examination of the defendant before trial and for an inspection of certain books and articles of copartnership.

*Grosvenor Nicholas,* for the appellant.

*Delos McCurdy,* for the respondent.

Present — VAN BRUNT, P. J., PATTERSON, McLAUGHLIN, HATCH and LAUGHLIN, JJ.

Order affirmed, with ten dollars costs and disbursements, on the opinion of the court below.

The following is the opinion of FREEDMAN, J., delivered at Special Term:

FREEDMAN, J.:

This motion is made to vacate an order obtained *ex parte,* appointing a referee herein, and ordering that the defendant be examined as an adverse party and his deposition taken pursuant to section 873 of the Code of Civil Procedure, and also that the defendant produce for inspection the articles of copartnership and all the books of the

firm of John Bloodgood & Co., formerly composed of John Bloodgood and defendant. Upon the hearing of the motion the defendant interposed the preliminary objection that an order for the examination of the defendant under section 873 of the Code of Civil Procedure and an order for the examination and inspection of books are distinct and independent proceedings and cannot be united under one order. This objection seems to be well taken. (*Lefferts* v. *Brampton*, 24 How. Pr. 257; *Havemeyer* v. *Ingersoll*, 12 Abb. Pr. [N. S.] 301.) An absolute order for an inspection of books is improper. (*Dick* v. *Phillips*, 41 Hun, 603; *Francis* v. *Porter*, 88 id. 325.) In a proper case under sections 872 and 873 of the Code of Civil Procedure, a witness may be required to produce books and papers as an adjunct to his oral examination and to refer to them for the purpose of making his examination effective. (*Drake* v. *Weinman & Co.*, 12 Misc. Rep. 65; *Fenton* v. *Dempsey*, 10 N. Y. St. Repr. 733.) But a proceeding for the inspection of books must be commenced by petition. (Code Civ. Proc. § 805; *Dick* v. *Phillips, supra; Francis* v. *Porter, supra*.) The motion is granted, with costs.