JOHN MAUTHEY, Respondent, *v.* WYOMING COUNTY CO-OPERATIVE FIRE INSURANCE COMPANY, Appellant.

*Examination of a corporation before trial — the production of its books and papers may be required for use as an adjunct of the oral examination.*

Subdivision 7 of section 872 of the Code of Civil Procedure, relating to the taking of the deposition of a witness or party at the instance of an adverse party, which provides that, where the party sought to be examined is a corporation, the order may direct the production of the books and papers of the corporation, is not designed to afford the moving party such an inspection or examination of the books and papers of the corporation as he could obtain in a proceeding for the discovery of such books and papers under sections 803–809 of the Code of Civil Procedure, but solely to enable such books to be used as an adjunct of the oral examination.

APPEAL by the defendant, the Wyoming County Co-operative Fire Insurance Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 2d day of July, 1902, denying the defendant's motion to vacate and set aside an order previously granted in the action directing the secretary of the defendant to

appear before a referee named in said order for examination and to produce the books of the defendant.

*J. L. Woodworth,* for the appellant.

*Henry W. Killeen,* for the respondent.

SPRING, J.:

This action was commenced by the service of the summons, and, from the affidavits upon which the original order was granted, it appears that it was commenced to recover upon an insurance policy which it is claimed was issued by the defendant to one Barth Mauthey in the sum of $600. Mauthey died leaving a last will and testament devising the property, upon which the dwelling claimed to be insured was situate, to the plaintiff in this action, and the house was destroyed by fire. Plaintiff did not know that any policy was ever issued, but was so advised, and, upon application to the defendant, was informed by its secretary that the policy was numbered 1918, and a letter was produced from the president of the company requesting the plaintiff to appear at its office in regard to the policy. The plaintiff complied with this request and proofs of loss were prepared and retained by the defendant. The defendant refused to produce a copy of the policy, and an order was granted *ex parte* requiring Mr. Smallwood, the secretary of the company, to appear before a referee at a time and place mentioned in the order and submit to an examination. An order was granted on the application of the defendant requiring the plaintiff to show cause why the preceding order should not be vacated, specifying as the ground for such application that it did not comply with article 4, title 6, chapter 8, of the Code of Civil Procedure. This application was denied by the order from which this appeal is taken. The original order required the secretary to "produce, for the purposes of such examination, all the books and papers of the defendant which relate to or have any mention of the insurance policy issued by it upon the house of Barth Mauthey, upon which this action is brought."

The defendant evidently misconceived the ground upon which this order was granted. The proceeding for the discovery of papers (Code Civ. Proc. §§ 803–809) is entirely distinct from that relating to the taking of depositions pursuant to chapter 9 of the Code and

which relates to evidence and is found in title 3 of that chapter. (§ 870 *et seq.*)

The proceeding for the discovery of books and papers must be commenced by petition upon notice. (*Dick* v. *Phillips*, 41 Hun, 603 ; *Bloodgood* v. *Slayback*, 62 App. Div. 315 ; Code Civ. Proc. § 805.) The proceeding under which this order was granted is the one by which the deposition of a witness or party, at the instance of an adverse party, may be taken, and, by an amendment of section 872, subdivision 7, when the party sought to be examined is a corporation, its books and papers may be directed to be produced as subsidiary to the oral examination. This does not, however, permit an inspection or examination of the books and papers of the defendant, as is permissible under the other procedure referred to. (*McGuffin* v. *Dinsmore*, 4 Abb. N. C. 241; *Duffy* v. *Consolidated Gas Company*, 59 App. Div. 580; *People* v. *Armour*, 18 id. 584.)

The primary purpose of the proceeding is the oral examination of the secretary. In order, however, that it may not be rendered fruitless by the secretary claiming that he has no recollection of the issuance or of the provisions of the policy independent of the books of the defendant, the latter are required to be produced as an adjunct of the oral examination.

It is urged by the counsel for the appellant that the original order is too broad, in that it may permit an examination and inspection of the books of the defendant by the counsel for the plaintiff, which is beyond the scope of a proceeding of this nature. This point does not seem to have been raised in the Special Term, which omission might be a sufficient warrant for declining to modify the order upon this appeal. Waiving that question, however, we apprehend the order is not to be given the wide latitude which the appellant's counsel seems to fear. The production of the books is for the purpose of the examination by enabling the secretary of the defendant to refresh his recollection and his memory by reference to these books. It does not in terms permit the plaintiff's counsel either to inspect or examine the books, and such permission is not fairly within its scope. We are not inclined to impose any restriction that will interfere with the plaintiff making a full examination of the secretary in regard to this insurance policy. If the affidavits used on the motion, and which are not controverted, correctly state the facts, the policy

was issued and in force when the fire occurred, but has been burned or lost. If this be true, the defendant ought to be willing to fur- nish a copy of the policy to the plaintiff's counsel instead of making a contest on a ground entirely technical and apparently without justification.

The order is affirmed, with ten dollars costs and the disburse- ments of this appeal. If the counsel are unable to agree upon a time for the examination, the form of the order may be settled before Mr. Justice SPRING, upon two days' notice.

McLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements. If counsel are unable to agree upon a time for the examination, the order may be settled before Mr. Justice SPRING, upon two days' notice.