(41 Misc. Rep. 436.)

## HART v. AMERICAN COTTON CO.

(Supreme Court, Special Term, New York County. October, 1903.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL.
    To entitle plaintiff to examine parties before trial of an action, it must be shown by affidavit that the parties sought to be examined can testify to material facts.

2. SAME—WHEN GRANTED.
    The purchaser of stock of a corporation, seeking to rescind the sale because of alleged false representations of its officers as to its financial condition, is not entitled to an order to examine the directors before trial, where they did not become such until after the sale was made.

3. SAME—PRODUCTION OF BOOKS.
    An order for the examination of officers of a corporation before trial should not require the officers to produce the books of the corporation, where it is not necessary to refresh the memory of the witnesses, but only that the moving party may make extracts from the books.

4. SAME—BOOKS OF CORPORATION.
    Code Civ. Proc. § 872, subd. 7, relating to the examination and inspection of books of a corporation, authorizes their production only in connection with the examination of a witness who is able to testify from them.

5. DISCOVERY OF PAPERS.

    A proceeding for the discovery of papers, under Code Civ. Proc. §§ 803–809, is entirely distinct from that relating to the taking of depositions before trial, under section 870 et seq.

Action by Frank Hart against the American Cotton Company. Motion to vacate an order for the examination of the vice president and three directors of defendant corporation. Motion granted.

    Richard T. Greene, for plaintiff.

    Sullivan & Cromwell, for defendant.

CLARKE, J. Motion is made, upon the original papers and additional affidavits, to vacate an order for the examination of the vice president and three directors of the defendant corporation. Only two of the parties sought to be examined have been served with the order, and no papers have been served on the defendant's attorneys. Without passing upon the technical objections raised on the motion, I am of opinion that the order granted ex parte must be vacated. The complaint alleges that the plaintiff on August 15, 1899, purchased shares of stock of the defendant company from the company; that he was induced to make this purchase by reason of certain alleged representations with regard to the financial condition of the company; that these representations were false—and demands judgment that the contract of sale be canceled and declared void, and that upon surrender of the certificates he recover the sum paid for the stock. The answer is a general denial. The order which the defendant moves to vacate provides that the parties named therein be examined, and their depositions taken, pursuant to section 873 of the Code of Civil Procedure, and directs them to produce for inspection the books of the defendant corporation. To entitle the plaintiff to examine the parties served with the order, it must appear in the affidavits that their examination is material and necessary. The testimony of a person is held to be material and necessary where it appears that such person can testify to facts material to the issue. Leary v. Rice, 15 App. Div. 397, 44 N. Y. Supp. 82; Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529; General Rules of Practice, rule 82. The gravamen of the complaint is that on and prior to August 15, 1899, false representations were made to the plaintiff by the officers, agents, and servants of the defendant company as to the assets, earnings, profits, and surplus of the company, whereby the plaintiff was induced to purchase stock of the company on the 15th of August, 1899. The examination of the parties sought cannot relate to these representations, for it appears in the affidavits submitted that they were not officers or in the employ of the company until after the date of sale. The only purpose for the examination disclosed in the motion papers is to obtain inspection of the books of the company to prove that the real condition of the defendant corporation at the time of the sale was as alleged in the complaint, and not as stated to the plaintiff by the then officers and agents of the company. As the parties sought to be examined were not at that time connected with the company, they have no knowledge of these facts. They would not be able to refresh their recollection and testify from the books. The in-

formation could therefore only be secured by making extracts from the books of the company. This may not be done under an order to examine a party before trial. Subdivision 7 of section 872 of the Code of Civil Procedure, relating to an examination and inspection of the books of a corporation, is intended to compel the production of such books in order that they may be used simply as an incident and in connection with the oral examination of a witness, who can testify from them, and not for the purpose of allowing an inspection and examination of them by the adverse party. People v. Armour, 18 App. Div. 584, 46 N. Y. Supp. 317; Duffy v. Cons. Gas. Co., 59 App. Div. 580, 69 N. Y. Supp. 635; Matter of Sayre, 70 App. Div. 329, 75 N. Y. Supp. 286. The proceeding for the discovery of papers (Code Civ. Proc. §§ 803–809) is entirely distinct from that relating to the taking of depositions under section 870 et seq. Mauthey v. Wyoming Co. Co-op. Fire Ins. Co., 76 App. Div. 579, 78 N. Y. Supp. 596. The two are independent proceedings, and cannot be united under one order. Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809.

Motion granted, with $10 costs.