(99 App. Div. 297)

## LEE v. WINANS et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. EXTENDING TIME TO ANSWER—VACATION OF STIPULATION.

   A motion to vacate a stipulation extending the time in which to answer should be denied where there is nothing in the papers on which the motion is based to show that it was procured by misrepresentations, or that plaintiff's interests were prejudiced by the stipulation.

2. INSPECTION OF DOCUMENTS—APPLICATION FOR ORDER.

   As an order to produce documents for inspection must be made on petition (Code Civ. Proc. § 805), an order based on an affidavit that plaintiff exhibit the contract sued on is erroneous.

Appeal from Special Term, New York County.

Action by Henry C. Lee against A. Van Arsdale Winans and others. From an order denying plaintiff's motion to set aside a stipulation extending the time to answer, and granting defendants' motion to compel plaintiff to exhibit for inspection the contract in suit, plaintiff appeals. Affirmed in part, and reversed in part.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Schuyler C. Carlton, for appellant.

William Man, for respondents.

McLAUGHLIN, J. This action was brought to recover a balance alleged to be due under a written contract to purchase certain shares of the stock of a corporation. It was commenced by the service of a copy of the summons and complaint, and at the same time an order was served on Winans, enjoining his disposing of the stock pending the return of an order to show cause why such order should not be continued during the pendency of the action. Winans appeared in the action, and subsequently his attorneys obtained a stipulation extending the time to answer, and also the time for the argument of the motion to continue the injunction. Before the time to answer had expired, as extended by the stipulation, or the motion had been argued, the plaintiff moved to vacate the stipulation, substantially upon the ground that the same was obtained by misrepresentation. The defendant then moved, by an order to show cause, for an order requiring the plaintiff to exhibit the contract sued on to the defendant's counsel, and permit him to make a copy of the same. Both motions were argued together, and resulted in an order denying the plaintiff's motion and granting the defendant's, and the plaintiff has appealed.

The plaintiff's motion was properly denied. There is nothing in the papers upon which that motion was heard which showed that the stipulations were procured by misrepresentation as to the defendant's condition, or that his condition was not as represented by his attorneys. Nor was there anything to show that the plaintiff's attorneys were misled by the stipulation, or that their client's interest was prejudiced by it in any way.

The defendant's motion was improperly granted. The order to show cause why an inspection of the contract should not be had

was based upon an affidavit, and not upon a petition, as required by section 805 of the Code of Civil Procedure. An inspection of a paper cannot be obtained in this way. It must be by petition. Boeck v. Smith, 85 App. Div. 576, 83 N. Y. Supp. 428; Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809; Dick v. Phillips, 41 Hun, 603; Francis v. Porter, 88 Hun, 326, 34 N. Y. Supp. 752.

It follows that the order appealed from, in so far as it denied the plaintiff's motion, should be affirmed, without costs to either party, and, in so far as it granted the defendant's motion, should be reversed, without costs to either party, and the motion for an inspection denied. All concur.