## HIRSHFIELD et al. v. I. ROSENTHAL & CO.

(Supreme Court, Appellate Term. June 28, 1906.)

1. DISCOVERY—PRODUCTION OF BOOKS—PROCEDURE.

Under Code Civ. Proc. §§ 803, 805, providing for the production of books and documents for inspection by the adverse party before trial, on a petition to the court, it was error to grant such an order on affidavits.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 124–131.]

2. SAME—EXAMINATION OF PARTY BEFORE TRIAL—APPLICATION.

Under Code Civ. Proc. §§ 870, 872, providing for the taking of depositions of a party to an action before trial on affidavit to the judge of the court, it is error to grant such an application made to the court.

Appeal from City Court of New York, Special Term.

Action by Morris Hirshfield and another against I. Rosenthal & Co. From an order for an examination of plaintiffs and of plaintiffs' books before trial, they appeal. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

Abraham Oberstein, for appellants.
Emanuel I. Silberstein, for respondents.

GILDERSLEEVE, J.  Upon an affidavit made by the defendant's attorney, an order to show cause was granted asking for an order "examining the plaintiffs and the books of account, order slips and memoranda, as may be necessary to aid the defendant in knowing the amount of orders and the amount of the renewals on which said sums and amounts of money the defendant is entitled to commissions, * * * to enable the defendant to properly draw, prepare and frame its answer."  This order was returnable at a Special Term of the City Court.  The plaintiffs appeared and set forth their objections in an affidavit, calling attention to the dual form of the application, in that the application, if made under sections 870 and 872 of the Code of Civil Procedure, must be made to a judge (Heishon v. Life Ins. Co., 77 N. Y. 278), and that, if made under section 805 of the Code, such application must be made by petition and not upon affidavits (Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809); but the motion was granted, and two orders were entered, from both of which orders the plaintiffs appeal.  These orders fall exactly within the case above quoted, and for that reason must be reversed.  The other reasons urged by the appellants need not be considered.

Orders reversed, with $10 costs and disbursements.

McCALL, J., concurs; LEVENTRITT, J., in result.