(56 Misc. Rep. 604.)

### GORDON et al. v. OSK et al.

(Supreme Court, Appellate Term. December 12, 1907.)

DISCOVERY—APPLICATION—PETITION—AFFIDAVIT.

 Application for an order for inspection of papers to enable plaintiffs to frame their complaint having been based on affidavits only, instead of on a petition verified by affidavit, as required by Code Civ. Proc. § 805, the court has no power to enter the order thereon.

Appeal from City Court of New York.

Action by Abraham Gordon and another against Barnet Osk, impleaded with another. From an order, defendant Osk appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BRUCE and GUY, JJ.

Frankenthaler & Sapinsky, for appellant.
Kuntz & Oppenheim, for respondents.

GILDERSLEEVE, P. J. Plaintiffs claim to have a cause of action against the defendants for brokers' fees earned in bringing about an exchange of property, and that in order to cheat plaintiffs out of their commissions defendants had the contract of sale made in the name of a third party as a dummy, which third party afterwards transferred the exchanged property to defendants. As plaintiffs have never seen

the contract of sale, and are unable to state the values placed upon the exchanged properties or the amount of the commission to which they are entitled, and are unable to state the date of said contract, they moved for an inspection of said contract in order to frame their complaint, and from the order granting the same defendants appeal.

The application was based on affidavits only, whereas section 805 of the Code of Civil Procedure requires the application to be based upon a petition verified by affidavit, and failure to do so deprives the court of any power to enter an order thereon. Lee v. Winans, 99 App. Div. 297, 90 N. Y. Supp. 960; Hirshfield v. Rosenthal, 51 Misc. Rep. 644, 99 N. Y. Supp. 912.

The order must be reversed, with $10 costs and disbursements, and the motion denied, without prejudice to a new application for a discovery in the court below. All concur.