### CUCA v. LACKAWANNA STEEL CO.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

DISCOVERY (§ 53*)—UNDER STATUTORY PROVISIONS—INSPECTION OF PREMISES. Plaintiff in a personal injury case is not entitled to an order permitting an inspection of the place in defendant's premises where plaintiff was injured, and of an engine, car, and connecting bar alleged to have caused the injury, where application is made more than three years after the accident.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 66; Dec. Dig. § 53.*]

Spring, J., dissenting.

Appeal from Special Term, Erie County.

Action by Steve Cuca against the Lackawanna Steel Company. From an order directing defendant to permit plaintiff to inspect the defendant's premises, where plaintiff's accident occurred, defendant appeals. Reversed, and motion denied.

The action was commenced on the 14th day of September, 1909, to recover damages sustained by the plaintiff while in defendant's employ resulting from an accident which occurred on the 17th day of September, 1907, alleged to have been caused solely through the negligence of the defendant.

The order is challenged by the defendant because, as is claimed, in view of the grounds of negligence stated in the complaint and in the notice served under the employer's liability act (Consol. Laws, c. 31), it is not shown that the inspection directed would throw any light upon the question of defendant's negligence as set forth in such complaint and notice; also on the ground that under section 803 of the Code, with the amendment "or to make discovery of any article or property," the court had no power to compel the defendant to permit the plaintiff and a representative to enter upon its premises and to make an inspection thereof and of its property.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Evan Hollister, for appellant.
M. W. Casey, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLENNAN, P. J.  As to the first objection: The allegations of the complaint, so far as they charge the defendant with negligence, are, in effect: (1) That the defendant at the time of the accident did not have competent and skillful engineers in charge and control of the running of said engine; (2) that it did not provide a suitable, safe, and sufficient roadbed over which to operate its engines and cars at said plant; (3) that it did not see to it that the engines and cars were properly inspected and maintained; (4) that it did not supply plaintiff with suitable and safe means, material, implements, drawheads, connecting bars, and light, and maintain the same, to enable plaintiff to safely perform his duty as brakeman; (5) that it did not have proper and safe rules and regulations in running and operating said engine for the protection of its employés and to give proper warning and notice to said plaintiff and those employed in like capacity of the approach and movements of said engine.  It is alleged that the defendant was guilty of negligence because it omitted and neglected to do any of the things above enumerated; that as a result plaintiff sustained the injury of which he complains, and without any fault or neglect on his part.

Clearly, an inspection of the plaintiff's plant and property at the time the order in question was made could not have given to the plaintiff any information respecting any of the charges of negligence which he alleges against the defendant in view of the fact that such inspection is sought after three years from the time when the accident happened. No inspection could disclose whether or not the defendant had competent or skillful engineers, or whether it saw to it, or did not see to it, that the engines and cars were properly inspected and maintained, or as to whether or not it supplied the plaintiff with suitable and safe means and appliances with which to perform his work, or whether or not it promulgated rules for the purpose of insuring his safety.  Those are all matters which can only be established by witnesses who were present at or about the time of the accident.  There is nothing that can be seen at this time by the plaintiff, or by his representative, that will throw any light upon either of those questions.

Whether or not the defendant provided a suitable, safe, and sufficient roadbed at the time of the accident, three years before this application was made, cannot be discovered by any inspection or examination which can be made at this time.

The allegations of negligence contained in the notice served under the employer's liability act, while more specific, are of the same general character.  It is therein alleged that the drawhead and connecting bar were out of order; but it is nowhere suggested in the petition that such drawhead or engine or connecting bar is in the same condition now as it was at the time of the accident.  A court would almost take judicial notice of the fact that those conditions would have materially changed in a plant of this character during a period of three years.

It is proper to inquire what the plaintiff and his representative can be reasonably expected to discover from an inspection, if now made, which would throw any light upon the conditions which existed at the time of the accident; yet that is the only matter which would be

material upon the trial of this action. The conditions now existing could not be proven—would not be competent, unless there was proof indicating that the conditions complained of were the same at the time the inspection was made as at the time the accident occurred. There is no allegation in the moving papers that the car or engine which the plaintiff was engaged in coupling are even at the defendant's plant at the present time, or that the drawhead, which it is alleged in the notice was defective, or the connecting bar, are at the plant, or are now being used or operated, or, if so, that they are in the same condition as at the time of the accident. The same is true of the roadbed and tracks of defendant.

The plaintiff has utterly failed to show that any conditions which might be discovered by inspection at the defendant's plant at the present time are the same as existed at the time of the accident and upon which the defendant's negligence is based, and for that reason the order should be reversed.

Having reached such conclusion, it is unnecessary to consider the effect of the amendment to section 803 of the Code of Civil Procedure to which attention has been called.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

WILLIAMS, KRUSE, and ROBSON, JJ., concur. SPRING, J., dissents.

KRUSE, J. (concurring). The order in question permits the plaintiff and a representative "to forthwith inspect the place in defendant's premises at the city of Lackawanna, N. Y., where the accident to the plaintiff occurred, and the engine, car, connecting bar between them, the roadbed and track over which such engine and car was being operated at the time of the accident." It does not name the specific place upon the defendant's premises sought to be inspected, nor designate the specific engine, car, or other thing to be examined.

While section 803 of the Code of Civil Procedure, relating to the discovery of books and papers, was amended in 1909 so as to include any article or property in possession of a party or under his control, relating to the merits of the action, or of the defense therein, I think it does not authorize such an order as this. The order here is practically a roving commission to go upon the defendant's premises and through its works, without limit as to time or place. I think it was not intended by the amendment to permit a party to go upon the private premises of another in a general search for evidence. If permitted at all, the inspection should be under proper restrictions and safeguards. This order is so general that it ought not to stand, and I am unable to see how, upon the papers presented, it can be modified so as to accomplish any proper purpose.

I concur, therefore, for reversal of the order.

SPRING, J. (dissenting). I think the order should be modified and affirmed.

In August, 1907, the plaintiff was employed as a brakeman by the defendant, and, as his complaint alleges, was engaged in coupling an

engine to a car standing on the tracks of the defendant when one of the defendant's engines, without any warning, ran against the car to which plaintiff was coupling the engine, and injured him so that his leg was amputated. He has brought his action claiming that the defendant was negligent. He charges several acts of negligence: That the roadbed was inadequate; that the drawheads and connecting bar were not suitable, etc.

The severity of his injuries prevented him from knowing the precise condition at the time he was injured. He asked the defendant to be permitted to inspect its car, appliances, and roadbed, and this privilege was denied him. He applied to the Court at Special Term for an order of inspection in pursuance of section 803 of the Code of Civil Procedure, as amended, and the court, in its discretion, granted the order. I can see no abuse of discretion in granting this order. It may be that an inspection by the plaintiff will be of no service to him; but he has been very seriously injured while in the employ of the defendant, and if that injury is due to the negligence of the defendant, as he charges, he ought to have the fullest opportunity to prove it, and the defendant seems bound to prevent any opportunity for him to do so.

If the examination proves fruitless, then that is his misfortune. There can be no harm to the defendant because it can have all the men it desires present at the time the examination is made so that there is no opportunity to manufacture proof against it. In fact, the criticism might be made of the defendant's conduct that it is seeking to prevent proof being given which might be of service to the plaintiff.

We cannot say in advance that the plaintiff may not be able to prove that the same condition exists now as at the time the accident occurred. He cannot prove that fact until he knows the present condition, and then he can prove by witnesses whether the condition is unchanged. In any event, an examination of the present condition of affairs may enable him to demonstrate that the defendant was negligent in some of the particulars charged which caused the injuries to him. We have one patent fact alleged in the complaint, that, while in the performance of his duties in coupling an engine to a car in the yards of the defendant, the car, at which he was at work, was run into by another car at a high rate of speed, causing his injuries. With that fact to start with, he should be given every opportunity to prove his case.

The defendant does not claim that it cannot readily produce for inspection the car and other appliances sought to be examined. In fact, it has photographs of this property, denoting that it can be identified.

I think the order is too broad. It provides for an inspection "forthwith." It should be, say, upon 10 days' written notice to the defendant's attorneys. The plaintiff says the accident occurred in the "tunnel-like inclosure," which is reasonably definite for the place. The inspection of "the engine, car, and connecting bar between them" should be made at this place, or at such other convenient place on the defendant's premises as the defendant may select. The articles to be inspected, aside from the roadbed, are all movable property, and the

place of inspection is not very important. The reasonable convenience of the defendant should be considered in fixing the date for the inspection, and the time for making it should be limited.