## CHOJNACKI v. INTERBOROUGH RAPID TRANSIT CO.

### (Supreme Court, Appellate Term. April 26, 1912.)

**1. DISCOVERY (§ 97*)—UNDER STATUTORY PROVISIONS—APPLICATION—FORM AND REQUISITES.**

An order, under Code Civ. Proc. § 803, authorizing an inspection and discovery of personal property, is not reversible because the application therefor was made by affidavit, instead of by a petition verified by affidavit, as required by the statute, in view of section 768, as amended by Laws 1911, c. 763, providing that any proceeding required by statute to be instituted by petition may also be instituted by an affidavit accompanying a notice of the application.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 122, 124–131; Dec. Dig. § 97.*]

**2. DISCOVERY (§ 84*)—INSPECTION OF ARTICLES OF PERSONAL PROPERTY.**

Under Code Civ. Proc. § 803, authorizing a court to compel a party to make discovery of any article or property, an order requiring a defendant to permit a plaintiff to inspect and photograph a machine belonging to defendant is properly granted, where promptly applied for after the institution of the action, commenced soon after the accident for which it is brought occurred, and where defendant's rights are safeguarded by limiting the inspection to a specific day and during specific hours.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. § 84.*]

Appeal from City Court of New York, Special Term.

Action by John Chojnacki against the Interborough Rapid Transit Company. From an interlocutory order, defendant appeals. Affirmed.

Argued April term, 1912, before SEABURY and GERARD, JJ.

James L. Quackenbush, of New York City (John Montgomery, of New York City, of counsel), for appellant.

Otto H. Droege, of New York City, for respondent.

SEABURY, J. The order appealed from directs the defendant to permit a representative of the plaintiff to inspect a certain machine in the defendant's power house, and to take a photograph of it. The order is made under section 803 of the Code of Civil Procedure and rule 14 of the General Rules of Practice.

[1] The technical objection is urged that the order should be reversed, because it was granted upon an affidavit, instead of a petition verified by an affidavit. This was formerly held to be an irregularity which could not be disregarded. Lee v. Winans, 99 App. Div. 297, 90 N. Y. Supp. 960; Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809. This rule, however, has been changed by an amendment to section 768 of the Code of Civil Procedure, effected by chapter 763 of the Laws of 1911. That section now provides that:

"Any proceeding which is required by statute to be instituted by petition may also be instituted by an affidavit setting forth the matter which it is required that the petition shall contain, accompanying a notice of an application for the relief which would properly be prayed for in the petition; and in like manner a proceeding which is required by statute to be instituted by affidavit may be instituted by petition."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The order appealed from provides that the machine shall be inspected on the defendant's premises, and prescribes the day upon which, and the hours during which, the inspection and photograph shall be made. The order was promptly applied for after the institution of the action, which was commenced soon after the accident. Such an order sufficiently safeguards the defendant's rights, and I cannot see that there is any real danger of abuse from permitting it to stand. I think the order made was authorized, within the meaning of section 803 of the Code of Civil Procedure in its present form. Cuca v. Lackawanna Steel Company, 138 App. Div. 421, 122 N. Y. Supp. 732, merely held that the order then under consideration did not provide for proper restrictions and safeguards, and that it was applied for too long after the accident. By implication, that case is authority for, rather than against, the order appealed from.

Order affirmed, with $10 costs and disbursements.

GERARD, J., concurs.   GUY, J., taking no part.