(82 Misc. Rep. 407.)

ROSEN v. SIMONS et al.

(Supreme Court, Appellate Term, First Department. October 24, 1913.)

DISCOVERY (§ 104*)—INSPECTION—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 803, providing that a court of record may compel a party to produce and discover or give to the other party an inspection of any papers or property relating to the merits of the action or of the defense, in a pledgor's action against the pledgee for the value of a pledge claimed to have been stolen by burglars from the pledgee's vault, in which plaintiff claimed that the loss was due to defendants' negligence, it was proper to grant an inspection of the vault at a time convenient to the pledgee by an electrician and a mason, but, no reason appearing why photographs of the vault should be taken, the taking thereof should be denied.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 136; Dec. Dig. § 104.*]

Appeal from City Court of New York, Special Term.

Action by Rebecca Rosen against Martin Simons and another, copartners trading as Martin Simons & Son. From an order permitting an inspection on behalf of plaintiff of defendants' vault by a mason and electrician and allowing a photographer to take photographs thereof subject to certain restrictions and regulations, defendants appeal. Modified and affirmed.

Argued October term, 1913, before SEABURY, P. J., and GUY and BIJUR, JJ.

Moss, Laimbeer, Marcus & Wels, of New York City (Charles L. Hoffman, Samuel Marcus, and Henry A. Friedman, all of New York City, of counsel), for appellants.

Henry L. Franklin, of New York City, for respondent.

BIJUR, J. The action is brought by a pledgor to recover the value of a pledge alleged to have been stolen by burglars from defendants' vault wherein they kept such pledges. Plaintiff claims that the loss was caused through the negligence of defendants.

The case seems to be one in which an inspection as provided in section 803 of the Code is appropriate. See Chojnacki v. Int. R. T. Co., 76 Misc. Rep. 427, 134 N. Y. Supp. 1090; Donoghue v. Callanan, 152 App. Div. 162, 136 N. Y. Supp. 657; Beyer v. Transportation D. Co., 139 App. Div. 724, 124 N. Y. Supp. 463. The ultimate merits of the entire case on debatable questions of law urged by the defendants should not be decided on this motion. There seems, however, absolutely no reason why photographs of the vault should be taken.

The order should therefore be modified by permitting one inspec-

tion of the interior and exterior of the vault, not to exceed two hours, at some time convenient to defendants, which can no doubt be agreed upon between the respective counsel, by the electrician and mason named in the order, in the presence of plaintiff's counsel. The order may also provide that there shall be no disturbance of the structure of the vault nor of any apparatus connected with it. As so modified the order is affirmed, without costs of this appeal to either party. Settle order on notice. All concur.