PRESBREY v. PUBLIC OPINION CO.

(Supreme Court, Appellate Division, First Department.   June 19, 1896.)

DISCOVERY—EXAMINATION OF PLAINTIFF BEFORE TRIAL.

    In an action on the note of defendant corporation, made by the husband and son of plaintiff (payee) as officers of defendant, it may examine plaintiff before trial to prove the consideration of the note, and may use the examination on the trial, and such right is not affected by the fact that plaintiff said that she would be at the trial and testify.

Appeal from special term, New York county.

Action by Sarah A. Presbrey against the Public Opinion Company on a promissory note for $3,900, alleged to have been made by defendant, payable to plaintiff. From an order vacating an order for the examination of plaintiff before trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Esek Cowen, for appellant.

Frederick E. Anderson, for respondent.

PER CURIAM. In this case we think it clear that the plaintiff is entitled to the examination sought. The defense is that the note sued on was without consideration. Upon the trial of the action, upon the introduction of the note, with proper proof as to its execution, the consideration is presumed, and the defendant then has to establish as an affirmative defense the fact that there is no consideration. The defendant corporation was, at the time the note was given, under the control of a husband and son of the plaintiff; and it is alleged that the note sued on was executed and delivered to the plaintiff by her husband and son as officers of the defendant. It is quite apparent that it will be most material to prove upon the trial just what consideration the plaintiff paid for the note, and the circumstances under which the note was given. And what, if anything, was actually paid by the plaintiff, is the material fact in controversy in this case. The defendant has the right to examine the plaintiff to prove just what she gave for the note, and to use that examination upon the trial in aid of its affirmative defense. The mere fact that the plaintiff or her attorney says that she will be at the trial to testify does not take away the right of the defendant to its examination before trial, that right being expressly given by the Code (section 870 et seq.) There is nothing to justify the criticism that this is a "fishing" examination, or that the examination is not sought for in good faith.

We think, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination denied, with $10 costs.