(33 App. Div. 242.)

### PRESS PUB. CO. v. MORNING JOURNAL ASS'N et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. EXAMINATION BEFORE TRIAL—CORPORATE OFFICERS.

In an action against certain corporations, to the maintenance of which it was necessary to prove that a certain newspaper was in fact published by one of them, though nominally controlled by the other, under an alleged collusive agreement, in order to procure news through the Associated Press, the plaintiff moved for an examination, before trial, of the defendant's officers. The facts shown tended strongly to prove these facts, but it was clear that conclusive proof could only be obtained by such an examination. *Held*, that the circumstances warranted the granting of the motion.

2. SAME.

Upon such a motion, the fact that such officers state in their opposing affidavits that they intend to be present at the trial does not affect the plaintiff's right to the examination.

3. SAME—PRODUCTION OF BOOKS.

An order directing such an examination may also, under Code Civ. Proc. § 872, subd. 7, require the production of the defendant's books for the purposes thereby authorized.

Appeal from special term, New York county.

Action by the Press Publishing Company against the Morning Journal Association and others. From an order denying a motion to vacate an order for examination before trial, defendant association and another appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

B. F. Einstein, for appellants.
James W. Gerard, Jr., for respondent.

PER CURIAM. The important fact in the case, and the one which must be proved by the plaintiff to entitle it to recover, is that the Star Company is not the publisher of the Morning Journal and Advertiser, but that that paper is published in fact by the Morning Journal Association, and the arrangement between the Star Company and the Morning Journal Association is a collusive one, to enable the Morning Journal Association fraudulently to control the privilege of membership of the Associated Press formerly held by the Star Company. The facts shown upon the application for an order for the examination of the officers of the Morning Journal Association tend strongly to prove these facts, but it is clear that conclusive proof

of such an arrangement can be obtained only by the examination of the officers of the association who made the arrangement, and who are now engaged in carrying it out. The case is clearly one, therefore, within section 872 of the Code of Civil Procedure; and the plaintiff is entitled to examine the officers of the defendant association, because it is quite evident that the precise facts can be ascertained from no other source. The officers who are to be examined state in their affidavits that they intend to be present upon the trial of the action, but such an intention does not affect the right to an examination before trial. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957.

The objection to the production of the books is not well taken. That portion of the order is authorized by the seventh subdivision of section 872 of the Code of Civil Procedure. Its object is that if a reference to the books becomes necessary during the examination, either to corroborate or contradict a witness, or to make the proof preliminary to the introduction of the books in evidence upon the trial, such proof may be made, and the books may be referred to for that purpose. This is not an order for the discovery and inspection of the books, but purely such a one as is authorized by the section of the Code above referred to. Horst v. Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3; Drake v. Weinman (Com. Pl.) 33 N. Y. Supp. 177.

The order must therefore be affirmed, with $10 costs and disbursements.