(65 App. Div. 74.)

## McGUIRE v. McGUIRE et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

DISCOVERY — EXAMINATION OF PARTIES BEFORE TRIAL — VACATION OF ORDER.
    Where, on motion to vacate an order for defendants' examination be-
    fore trial, the only papers before the court are plaintiff's affidavits, dis-
    closing an action for partition and sale of realty, of which it is averred
    one of the defendants claims to be the sole owner under a certain con-
    veyance, and stating facts relied on to show that such conveyance was
    without consideration, and there is no reason assigned why such exami-
    nation should be had instead of calling defendants as witnesses at the
    trial, the motion to vacate is improperly denied.

Appeal from special term, New York county.

Action by Hannah McGuire against Catherine McGuire and oth-
ers. From an order denying defendants' motion to vacate order
for their examination before trial, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

William Man, for appellants.
William J. McCormick, for respondent.

PATTERSON, J. This is an appeal from an order denying a
motion of the defendants, Catherine and Philip McGuire, to vacate
an order requiring them to appear and be examined, to enable the
plaintiff to prepare for the trial of this action. On the return day
of the order for the examination the defendants named moved
orally to vacate the order upon the papers upon which the same
was granted. The justice at special term denied the motion to va-
cate on the ground that the plaintiff's papers showed the propriety
and necessity of the defendants' examination. The only papers be-
fore the court on the motion to vacate were the order for the ex-
amination, an affidavit of the plaintiff's attorney, and another affi-
davit made by the plaintiff. The pleadings in the case were not
before the court, but it was shown in the affidavit of the plaintiff's
attorney that the cause was at issue, the defendants, Catherine and
Philip McGuire, having answered the complaint. The plaintiff's
attorney, in his affidavit, states that the action is for the partition

or sale of real estate situate in the county of New York, and that the substance of the judgment demanded is that partition or a sale of such real estate be decreed, and the proceeds of sale be distributed among those entitled thereto; and he also states in his affidavit that the defendant Catherine McGuire has, in her answer, set up "that she is the sole owner of the premises to be partitioned herein." It appears by the affidavits of the plaintiff and her attorney that the premises involved in this action at one time belonged to Philip and John McGuire, as tenants in common; that the plaintiff is a daughter of John McGuire, who died in October, 1897, leaving no widow, and that this plaintiff and James and Eleanor McGuire, his children, are his only heirs at law. It also appears that in November, 1887, a deed was made and recorded, by which John and Philip McGuire purported to convey to the defendant Catherine McGuire the premises affected by this action, and it is alleged that the conveyance thus made to Catherine McGuire was intended merely to constitute the grantee a nominal owner, and to put the property conveyed beyond the reach of those who might acquire enforceable causes of action against the grantors. In the moving affidavits there are various statements of fact relied upon by the plaintiff to show that the conveyance to the defendant Catherine McGuire was without consideration, and that, although holding the legal title, the plaintiff and her brother and sisters are the equitable owners of the premises. It is evident, upon the plaintiff's own showing, that, if her action is such as she and her attorney have declared it to be, she is not entitled to the order of examination to enable her to prepare for trial. Apart from the question of her right to maintain the action at all,—which we do not now pass upon,—it is apparent that the plaintiff is well informed of those facts upon which she relies to invalidate the conveyance to Catherine McGuire and to establish her right to or interest in the premises. There is no reason assigned why an examination should be had now, instead of waiting to call the defendants as witnesses at the trial, or that any necessity exists for taking their testimony at the present time. It is not stated in the plaintiff's affidavit that she intends to use the testimony sought to be obtained upon the trial, but the whole application seems to be a mere effort to examine witnesses in anticipation of a trial as to facts in respect of which the plaintiff already has sufficient information to enable her to prepare for trial. As said before, not having before us the pleadings in the case, we refrain from passing upon the question of the right of the plaintiff to maintain an action of partition under the provisions of sections 1532, 1533, 1537, and 1543 of the Code of Civil Procedure.

The order must be reversed, with $10 costs and disbursements, and the order of examination vacated, with $10 costs.

VAN BRUNT, P. J., and INGRAHAM and HATCH, JJ., concur. LAUGHLIN, J., concurs in result, on the ground that partition actions will not lie.