McCOY et al. v. MUTUAL RESERVE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. INSURANCE—ACTION ON POLICY—EXAMINATION OF DEFENDANT'S OFFICERS BEFORE TRIAL.

Where a policy required defendant to pay $10,000 on insured's death, provided such sum could be realized from the death fund existing at the time of insured's death, the proceeds of the assessment levy, and the reserve fund in excess of $100,000 in excess of outstanding bonds, and the complaint in an action thereon alleged on information and belief that defendant had sufficient funds applicable to the same to pay such policy in full, which defendant denied, and plaintiffs averred that the only proof that they had concerning defendant's ability to pay were certain reports made by defendant to the insurance commissioner, and published statements which were not sufficiently specific or in proper form to justify plaintiff in relying thereon, plaintiff was entitled to the examination of defendant's officers and books before trial to ascertain its financial condition.

Appeal from Special Term, New York County.

Action by Jonathan McCoy and others, as executors, etc., of the estate of John Boyd Eliot, against the Mutual Reserve Life Insurance Company. From an order vacating an order for the examination of defendant's officers before trial, plaintiffs appeal. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Gilbert E. Roe, for appellants.
George Burnham, Jr., for respondent.

McLAUGHLIN, J. This action was brought by Mary F. King as the beneficiary named in and the assignee of a policy of life insurance issued upon the life of one John Boyd Eliot to recover the amount specified therein. The complaint set forth the issuance of the policy, the interest of the plaintiff therein, performance by her and the insured of all the conditions on their part to be performed, the death of the insured, and the service of notice thereof upon the defendant, together with the neglect and refusal of defendant to pay the amount specified in the policy. It further set forth that by the terms of the policy the defendant agreed to pay to the beneficiary named therein the sum of $10,000, providing such sum could be realized from some one or all of the following sources: (1) The death fund existing at the time of the insured's death, (2) the proceeds of an assessment levied according to the terms of the policy, and (3) the reserve fund in excess of $100,000 in excess of outstanding bonds; and, upon information and belief, that the defendant had applicable to the payment of the policy funds sufficient to pay the same in full. All of the material allegations of the complaint, so far as the defendant's ability to pay the policy in full from any or all of the sources named, were denied in the answer, and it was there affirmatively alleged, on information and belief, that the proceeds of the assessments levied and collected by the defendant applicable to the payment of the policy in question were insufficient to provide for the payment of the maximum amount therein stated, and that there were no moneys in the death fund or in the reserve fund of the defendant available to make up the deficiency applicable to the payment of the same, and by reason thereof, in accordance with the terms and provisions of the policy, the only amount due and payable to the plaintiff was the sum of $5,942.22.

Upon the complaint, answer, and an affidavit the plaintiff obtained an order for the examination of one Charles W. Camp, secretary, and George D. Eldridge, vice president and actuary, of the defendant, as witnesses before trial, and for the production of certain books and papers in aid of such examination. This order was thereafter vacated upon motion of the defendant, and the plaintiff appealed. Subsequent to the appeal the plaintiff died, and thereupon the action was revised and continued in the name of her executors, the plaintiffs above named.

It is apparent from the allegations of the complaint, which are denied in the answer, taken in connection with the facts set out in the affidavit asking for the examination, that the testimony of the

witnesses sought to be examined is both necessary and material to the plaintiffs. In the affidavit the material allegations of the complaint are set forth, and the affiant there states, upon information and belief, the ability of the defendant to pay the maximum amount stated in the policy. The sources of her knowledge and the grounds of her belief are stated to be certain reports made by defendant to the insurance commissioner of the state of New York and other states, as well as certain published statements, but that such reports and statements are not sufficiently specific or in proper form to justify the plaintiff in relying upon them to establish the defendant's ability to pay, and the only way in which that fact can be established is by the testimony of persons having knowledge of its financial condition; that the persons sought to be examined have charge of the defendant's books, and have such knowledge. It is not difficult to see, from the issues raised by the pleadings and the statements contained in the affidavit, that the only way in which the plaintiffs can establish—if at all—that the defendant has sufficient funds applicable to the payment of the policy to pay it in full, is by the testimony of witnesses who have accurate and definite knowledge of the defendant's financial condition, and especially the amount derived from the assessment levied upon its policy holders applicable to the payment of the policy in suit. The persons sought to be examined, it is alleged, have this knowledge, and they do not seem to have denied that fact; nor are the plaintiffs obliged to wait until the trial before obtaining this information. If they were, they might possibly be seriously embarrassed in, if not entirely prevented from, making the necessary proof. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957; Press Pub. Co. v. Star Co., 33 App. Div. 242, 53 N. Y. Supp. 371; Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y Supp. 600. It nowhere appears that the defendant will be either injured or prejudiced by the examination.

The case of McGuire v. McGuire, 65 App. Div. 74, 72 N. Y. Supp. 490, upon which the Court at Special Term, as appears from the opinion delivered, relied, is not in point. There it appeared by the affidavit upon which the order for the examination was made that the plaintiff had as much knowledge of the facts sought to be ascertained by the examination as the witnesses sought to be examined. Nor did it there appear that the plaintiff intended to use the testimony of the witnesses sought to be examined upon the trial. Here the plaintiffs have no knowledge other than that derived from the reports and statements referred to, and manifestly they are not obliged to rely upon those, and they do intend to use the testimony taken upon the trial. Under such circumstances we think the order directing the examination should have been permitted to stand.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.