Patterson, O'Brien, Ingraham and Hatch, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

Jonathan McCoy and Others, as Executors, etc., of Mary F. King, Deceased, Appellants, *v.* Mutual Reserve Life Insurance Company, Respondent.

*Examination before trial of the officers of a mutual life insurance company to establish the existence of a fund sufficient to pay a policy issued by it.*

The issue raised in an action brought upon a policy of life insurance was as to whether the defendant had, as alleged by the plaintiff, in its hands funds sufficient to pay the maximum amount thereof, or, as alleged by the defendant, whether it had only enough funds to pay about sixty per cent of the maximum amount.

Prior to the trial the plaintiff made a motion for the examination of the secretary, vice-president and actuary of the defendant, and for the production of certain books and papers in aid of such examination. She submitted an affidavit alleging, upon information and belief, the ability of the defendant to pay the full amount stated in the policy. The sources of her knowledge and the grounds of her belief were stated to be certain reports made by the defendant to the Superintendent of Insurance of the State of New York and the Insurance Commissioners of other States, as well as certain published statements.

She further alleged that such reports and statements were not sufficiently specific or in proper form to justify the plaintiff in relying upon them to establish the defendant's ability to pay the maximum amount of the policy, and that the only way in which that fact could be established was by the testimony of persons having knowledge of the defendant's financial condition; that the persons sought to be examined had charge of the defendant's books and had such knowledge.

*Held,* that the motion was properly granted.

Appeal by the plaintiffs, Jonathan McCoy and others, as executors, etc., of Mary F. King, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of

March, 1903, vacating an order theretofore made in the above-entitled action for the examination of certain officers of the defendant before trial.

*Gilbert E. Roe,* for the appellants.

*George Burnham, Jr.,* for the respondent.

McLAUGHLIN, J.:

This action was brought by Mary F. King as the beneficiary named in and the assignee of a policy of life insurance issued upon the life of one John Boyd Eliot to recover the amount specified therein.

The complaint set forth the issuance of the policy, the interest of the plaintiff therein, performance by her and the insured of all the conditions on their part to be performed, the death of the insured and the service of notice thereof upon the defendant, together with the neglect and refusal of defendant to pay the amount specified in the policy. It further set forth that, by the terms of the policy, the defendant agreed to pay to the beneficiary named therein the sum of $10,000 providing such sum could be realized from some one or all of the following sources: (1) The death fund existing at the time of the insured's death; (2) the proceeds of an assessment levied according to the terms of the policy; and (3) the reserve fund in excess of $100,000 in excess of outstanding bonds, and upon information and belief that the defendant had, applicable to the payment of the policy, funds sufficient to pay the same in full. All of the material allegations of the complaint, so far as the defendant's ability to pay the policy in full from any or all of the sources named, were denied in the answer and it was there affirmatively alleged, on information and belief, that the proceeds of the assessments levied and collected by the defendant, applicable to the payment of the policy in question, were insufficient to provide for the payment of the maximum amount therein stated, and that there were no moneys in the death fund or in the reserve fund of the defendant available to make up the deficiency applicable to the payment of the same, and by reason thereof, in accordance with the terms and provisions of the policy, the only amount due and payable to the plaintiff was the sum of $5,942.22.

Upon the complaint, answer and an affidavit, the plaintiff obtained an order for the examination of one Charles W. Camp, secretary, and George D. Eldridge, vice-president and actuary of the defendant, as witnesses before trial and for the production of certain books and papers in aid of such examination. This order was thereafter vacated upon motion of the defendant, and the plaintiff appealed. Subsequent to the appeal the plaintiff died and thereupon the action was revived and continued in the name of her executors, the plaintiffs above named.

It is apparent from the allegations of the complaint, which are denied in the answer, taken in connection with the facts set out in the affidavit asking for the examination, that the testimony of the witnesses sought to be examined is both necessary and material to the plaintiffs. In the affidavit the material allegations of the complaint are set forth, and the affiant there states, upon information and belief, the ability of the defendant to pay the maximum amount stated in the policy. The sources of her knowledge and the grounds of her belief are stated to be certain reports made by defendant to the Superintendent of Insurance of the State of New York and the Insurance Commissioners of other States, as well as certain published statements, but that such reports and statements are not sufficiently specific or in proper form to justify the plaintiff in relying upon them to establish the defendant's ability to pay, and the only way in which that fact can be established is by the testimony of persons having knowledge of its financial condition; that the persons sought to be examined have charge of the defendant's books and have such knowledge. It is not difficult to see from the issues raised by the pleadings and the statements contained in the affidavit that the only way in which the plaintiffs can establish, if at all, that the defendant has sufficient funds applicable to the payment of the policy to pay it in full is by the testimony of witnesses who have accurate and definite knowledge of the defendant's financial condition, and especially the amount derived from the assessment levied upon its policyholders applicable to the payment of the policy in suit. The persons sought to be examined, it is alleged, have this knowledge, and they do not seem to have denied that fact, nor are the plaintiffs obliged to wait until the trial before obtaining this information. If they were, they might possibly be

seriously embarrassed in, if not entirely prevented from making the necessary proof. (*Presbrey* v. *Public Opinion Co.*, 6 App. Div. 600; *Press Publishing Co.* v. *Star Co.*, 33 id. 242; *Commercial Publishing Co.* v. *Beckwith*, 57 id. 574.) It nowhere appears that the defendant will be either injured or prejudiced by the examination.

The case of *McGuire* v. *McGuire* (65 App. Div. 74), upon which the court at Special Term, as appears from the opinion delivered, relied, is not in point. There it appeared by the affidavit upon which the order for the examination was made that the plaintiff had as much knowledge of the facts sought to be ascertained by the examination as the witnesses sought to be examined. Nor did it there appear that the plaintiff intended to use the testimony of the witnesses sought to be examined upon the trial. Here the plaintiffs have no knowledge other than that derived from the reports and statements referred to, and manifestly they are not obliged to rely upon these, and they do intend to use the testimony taken upon the trial. Under such circumstances we think the order directing the examination should have been permitted to stand.

It follows, therefore, that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to vacate denied, with ten dollars costs.

PATTERSON, O'BRIEN, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.