(85 App. Div. 575.)

### BOECK v. SMITH et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. EXAMINATION BEFORE TRIAL—AMOUNT IN DISPUTE.

    A plaintiff is not entitled to examination of defendant, before trial, merely to obtain information which will enable him to state a specific amount which he seeks to recover, if that amount can otherwise be stated with approximate accuracy.

2. SAME—DISCOVERY OF PAPERS—PRACTICE.

    Under Code Civ. Proc. § 805, authorizing discovery of books and papers, and providing that to entitle a party to procure such a discovery or inspection he must present a petition praying therefor, etc., a proceeding for the inspection of books and papers cannot be joined with a motion for an order for the examination of a party before trial.

**8. SAME—EVADING ORDER FOR EXAMINATION.**
> Where an order for the examination of defendants before trial was granted, and one of them left the jurisdiction before an application was made to reverse the order, but after being advised that it was irregularly issued and could not be sustained, and proceedings were begun for the reversal of the order within a few days after it was granted, the action of the defendant in leaving the jurisdiction did not justify the continuance of the order as to him.

Appeal from Special Term, New York County.

Action by J. Edward Boeck against Alfred H. Smith and another. From an order modifying an order requiring the examination of defendants and the inspection of their books, and denying defendant's application that the order be vacated, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Josiah Canter, for appellants.

Jacob Marx, for respondent.

HATCH, J.   The plaintiff has united in his application three specific things: First, an examination of the defendants to enable him to properly frame his complaint; second, an inspection of the books and papers of the defendants; third, an examination of witnesses, not parties to the action, for the purpose of perpetuating their testimony. The plaintiff in his affidavit sets up facts showing his knowledge of a perfect cause of action against the defendants. The only thing of which he is ignorant is the exact amount which he is entitled to recover. As, however, there is no rule of pleading which requires him to state the specific amount which he deems himself entitled to recover, with accuracy, an examination is evidently not needed where such is the sole purpose. Tayler v. American Ribbon Co., 38 App. Div. 144, 56 N. Y. Supp. 667; Stanton v. Friedman, 47 App. Div. 621, 67 N. Y. Supp. 291. The subject-matter of the action may present a complicated series of accounts, from which is to be derived the amount to which the plaintiff is entitled; and where the dealings between the parties are of such a character that the amount which the plaintiff is entitled to recover may not be even approximately stated, under such circumstances, dependent upon the facts of the particular case, an examination may be had. Such is the case of Matter of The Erie Malleable Iron Co., 90 Hun, 62, 35 N. Y. Supp. 597. But where the amount of plaintiff's demand may be stated with approximate accuracy, and such demand is not complicated with other matters, an examination will not be ordered. The proceeding for the inspection of books and papers is required to be commenced by petition (Code Civ. Proc. § 805), and it cannot be joined with an order for the examination of a party before trial. Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809. In the case of a corporation, the inspection may be had with the examination, pursuant to the provisions of section 872, subd. 7, Code Civ. Proc. Such was the decision of this court in Horst v. D. G. Yuengling Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3. It has no application to an individual. The order in the present case directs the production of books and papers, and the affidavit states that the plaintiff desires an inspection of the same.

This is quite independent of use of the same in connection with the examination, which may not be combined with the order for the examination. It is evident that these three matters are each quite separate proceedings, and contemplate independent applications therefor. It was irregular, therefore, to unite them all in one order.

It is claimed that the order as to the defendant Smith should be permitted to stand, as he deliberately violated the same by leaving the jurisdiction of this court before an application was made to reverse the order. It appears from the affidavits that the party was advised as to the irregularity, and that the proceedings could not be sustained, and it is evident that he took immediate steps to procure the vacation of the order. The attorney's affidavit shows that the order to show cause was obtained within a few days after the order was granted. There is nothing herein showing, or which leads to the conclusion, that Smith left the jurisdiction of this court for the purpose of evading the examination; consequently he is not brought within such conditions as existed in Dudley v. Press Pub. Co., 58 Hun, 181, 11 N. Y. Supp. 337; and, as there is no reason to suppose that he intended willfully to disobey any order of the court, he should not be precluded from testing the sufficiency of this order upon appeal.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.