(98 App. Div. 148)

## In re SANDS.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. DISCOVERY—INSPECTION OF BOOKS AND PAPERS.

An inspection of books and papers of a corporation necessary to the framing of a complaint cannot be obtained by a proceeding under Code Civ. Proc. §§ 870–873, providing for the taking of the deposition of an adverse party to a contemplated action; such inspection being obtainable only by a proceeding under sections 803–809, providing for the discovery of books and papers.

2. SAME—CORPORATIONS—OFFICERS — EXAMINATION — AFFIDAVITS — CAUSE OF ACTION.

An affidavit for inspection of books and papers of certain corporations, preliminary to the institution of an action to recover commissions, alleged that applicant had been employed by the H. Company to negotiate a sale of certain torpedo boats to the Russian government, for which he was to receive 10 per cent. of the contract price; that thereafter, as the

result of his negotiations, contracts for such construction had been entered into in the names of third persons, by reason of a conspiracy between the H. Company and the E. Company, into which the H. Company had been merged; that payments had been made on such contracts, the character and extent of which was unknown to applicant, but that payment to plaintiff had been refused. *Held*, that since such affidavit failed to charge that the E. Company assumed the obligations of the H. Company, or its obligations to applicant under his contract, the affidavit did not allege a cause of action against the E. Company, warranting an examination of its officers before trial, but that the affidavit did disclose a cause of action against the H. Company, warranting examination of the officers thereof.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Special Term, New York County.

Application by Francis P. B. Sands for an order to examine the Electric Boat Company and the Holland Torpedo Boat Company, in an action to be brought, by an examination of its books and papers, and by the taking of testimony of certain officers of both companies. From an order vacating an order for such examination, and permitting an inspection of the books and papers, petitioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James C. Bergen, for appellant.
De Lancey Nicoll, for respondent.

LAUGHLIN, J. Upon his own affidavit, Sands obtained an ex parte order for the examination of these companies through their president and a director, and the companies were directed to produce before the referee certain books of the corporation for "examination thereof by said Francis P. B. Sands concerning the matters stated" in his affidavit. It is conceded that the application was made pursuant to the provisions of sections 870 and 873 of the Code of Civil Procedure, and not pursuant to the provisions of sections 803–809, which authorize the inspection and taking a copy of books and papers in certain cases upon the petition of a party. It is well settled that there is a clear distinction between the authority granted by, and the practice under, these respective sections. Boeck v. Smith, 85 App. Div. 575, 83 N. Y. Supp. 428; Mauthey v. Wyoming Co., Co-op. Ins. Co., 76 App. Div. 579, 78 N. Y. Supp. 596. In the case of an examination ordered under sections 870–873 of a party not a corporation, there is no authority for an inspection, or for requiring the production of books or papers, even for use upon the examination of the party, except by subpœna duces tecum; but in the case of a corporation the court is now authorized by subdivision 7 of section 872, without the formality of subpœna duces tecum, to order the production of books and papers, not for an inspection by the adverse party, but for the use of the witness upon the examination. Horst v. Yuengling Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3; Press Publishing Co. v. Star Co., 33 App. Div. 242, 53 N. Y. Supp. 371; Duffy v. Consolidated Gas Co., 59 App. Div. 580, 69 N. Y. Supp. 635. Even in the case of a corporation, if an inspection is desired in the technical sense, it must be obtained as provided in sections 803–809. It is manifest, therefore, that this order, in so far

as it directed the production of the books and papers for the examination thereof by Sands, was unauthorized and was properly vacated.

The respondent contends that the affidavit of Sands was insufficient to show that he had a cause of action against the corporations, or that the examination is necessary for the purpose of enabling him to frame a complaint. He shows the formal requirements, and that in May, 1896, he was employed by the John P. Holland Torpedo Boat Company, under a written contract, as its agent to secure an order from the Russian authorities to build one or more submarine torpedo boats similar to one then under construction by the company; that he was to receive 10 per cent. of the contract price, to be paid when the company should receive its pay for the boats; that the agreement expressly provided that it was "to cover and apply to all orders from and contracts with the Russian government and the John P. Holland Torpedo Boat Company following negotiations opened by this deponent with the representatives of said Russian government"; that he entered upon the performance of such employment, opened negotiations with the Russian authorities, and brought them and their representatives and the company into communication with reference to the construction and purchase of torpedo boats, and continued such negotiations down to the month of July, 1903; that during the year 1898 the name of the John P. Holland Torpedo Boat Company was changed to the Holland Torpedo Boat Company, and "that at some time, during the continuation of the negotiations aforesaid, the said Holland Torpedo Boat became, in some manner to deponent unknown, merged in, absorbed by, or was sold to, the Electric Boat Company; that such merger or consolidation was in all things subject to the contract of this deponent with said John P. Holland Torpedo Boat Company aforesaid, and full knowledge was had by the officers of said Electric Boat Company before and at the time of such merger, and that the efforts and negotiations of deponent were thereafter known to, approved by, and participated in by the officers of both said companies"; that, as the result of deponent's negotiations pursuant to his contract, orders have been received from the Russian government, and contracts made therewith in the name of third parties, for the benefit, however, of the Holland Torpedo Boat Company and of the Electric Boat Company, for the construction of torpedo boats, and payments have been made to the Holland Torpedo Boat Company to apply thereon, but that he has not been paid his commissions.

There are many general charges of fraud and conspiracy in the affidavit of Sands, and he states at one place that he contemplates bringing the action "to recover from the defendant damages for fraud, and for failure to keep and perform a contract in writing made and entered into between one of the defendant corporations and this plaintiff"; and at another place he states that he has a cause of action against the companies for the amount due for commissions under the contract. He charges that the type of the boat was changed, and that the Holland Company was sold to, or merged in, or absorbed by the Electric Company, and that the contracts were made in the names of third parties, all through a conspiracy to cheat and defraud him from obtaining the fruits of his contract; but other facts inconsistent with this conclusion are set forth. He says that his contract applied to the change of type

of vessel, and that the changed type became and continued to be the subject of negotiations between him and the Russian authorities, with the full knowledge and approval of the companies. The facts stated in the affidavit fall far short of showing that Sands has a cause of action against the companies for conspiracy, and the order for the examination can only be sustained, if at all, upon the theory that he has a cause of action for commissions under his contract. We are of opinion that the affidavit is sufficient to indicate that he is entitled to recover some amount from the Holland Boat Company on account of commissions. He avers that he continued to perform the services with full knowledge of the Holland Company, and that contracts for the construction of such boats were made with the Rusian government for its benefit. He is ignorant of the number of such contracts, and of the names of the parties in whose names they were taken, and of the amount paid thereon. It is manifest that he cannot intelligently frame a complaint without more definite knowledge of the facts, and therefore we are of opinion that the examination of the Holland Boat Company through its officers, whom he avers have personal knowledge of the matters, should be ordered. Boeck v. Smith, 85 App. Div. 575, 83 N. Y. Supp. 428; Butler v. Richardson, 31 App. Div. 281, 52 N. Y. Supp. 756. Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600; Corn Exchange Bank v. Lorillard, 84 App. Div. 194, 82 N. Y. Supp. 641; Lewisohn Brothers v. Muller, 6 App. Div. 459, 39 N. Y. Supp. 570; Jerrells v. Perkins, 25 App. Div. 348, 49 N. Y. Supp. 597.

The facts stated by Sands in his affidavit fail to show that he has a cause of action against the Electric Boat Company. He never had a contract with that company. He asserts that the Holland Company was merged in, absorbed, or purchased by it; but he does not allege that the Electric Company assumed the obligations of the Holland Company, or its obligation to him under this contract. The examination, as against the Electric Boat Company, was unwarranted.

The order vacating the order for the examination should therefore be reversed, with $10 costs and disbursements, and the order for the examination modified by confining the examination to the Holland Torpedo Boat Company, through its president and director named, and by confining the direction for the production of the books and papers to the direction for their production for use by the witnesses upon such examination. All concur, except VAN BRUNT, P. J., and PATTERSON, J., who dissent.