(46 Misc. Rep. 191.)

### BOYLE v. CONSOLIDATED GAS CO. et al.

(Supreme Court, Special Term, New York County.    January, 1905.)

1. EXAMINATION BEFORE TRIAL—PRODUCTION OF PAPERS.

In an action for personal injuries received in an explosion in a subway leased by defendant electric company to hold its wires, an order for the examination of an officer of the company before trial should provide for the production for use on such examination of the lease, or a copy thereof, under which defendant acquired the right to use the subway, and reports made to it as to the causes of the accident and the condition of the wires in the subway after such accident.

2. SAME—MODIFICATION OF ORDER.

Where an order was entered for examination before trial of an officer of an electric company in an action for personal injuries, and delay in an application for a modification of the order was caused by defendant's appeal from an order denying a motion to vacate the order for the examination, plaintiff is not chargeable with laches, under Code Civ. Proc. § 870, providing that the examination may be had at any time before or during the trial.

Action by Amelia N. Boyle against the Consolidated Gas Company and the New York Edison Electric Illuminating Company. Motion for a modification of order for examination before trial of an officer of defendant corporation.    Granted.

Coudert Bros., for the motion.
F. E. Fishel, opposed.

GILDERSLEEVE, J.    In January, 1903, an order was made for the examination of the assistant treasurer of the defendant the New York Edison Electric Illuminating Company before trial in an action for personal injuries.    A motion was subsequently made to vacate this order, which motion was denied.    An appeal was taken to the Appellate Division from the order denying said motion, and said order was affirmed.    Thereafter, and on July 15, 1903, the said officer was examined, in pursuance of the order of January, 1903.    The accident, which forms the basis of plaintiff's action, took place on January 15, 1902, on which day the plaintiff was walking upon or near a certain manhole at the corner of Nineteenth street and Sixth avenue, when an explosion took place beneath the cover of said manhole.    The said cover was hurled violently against the plaintiff, and she was severely injured.    It appears that this explosion occurred in a subway constructed for the purpose of holding wires.    The plaintiff is unable to obtain any information with regard to the condition of affairs in the subway or the causes of the explosion.    On his examination before

trial the assistant treasurer of the said defendant electric company testified that his company leases space in this subway for its wires, but he was able to throw no light whatever upon the accident. He says that the subway was examined after the explosion by one Stevenson, who is called the "Superintendent of Distribution." While the assistant treasurer of his own knowledge might not be able to give any information as to the accident, it seems quite possible that he could throw light upon the subject if he had the report of the superintendent for reference on his examination. His examination was adjourned to some day to be fixed by the respective counsel. The plaintiff now moves for a modification of the said order of January 30, 1903, so as to provide that on such examination the said official shall produce the lease, or a copy thereof, by virtue of which the electric company acquired space in the said subway, and also all reports made to the company with regard to the cause of the accident and the condition of the wires in the subway subsequent to the accident. The plaintiff's counsel urges that plaintiff does not desire the amendment for the purpose of obtaining a discovery and inspection of the said lease and reports, but desires the production of the same so that they may be used during the further examination of the said official, as she cannot examine the superintendent of distribution, because he is not an officer of the corporation, and because she cannot make out a case for his examination as a witness. The learned counsel for the defendant corporation claims that the proposed continuation of the examination of the witness, the said assistant treasurer, is merely an attempt to find out against whom she could bring her action to recover for the injuries sustained, or an attempt to compel defendant to disclose evidence which relates exclusively to the defense.

It is undoubtedly well settled that an order for the examination of an officer of a corporation will not be granted when it appears from the moving papers that the real purpose of the examination is to ascertain whether the applicant has a cause of action against the corporation (Matter of Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907), or against other persons who have not been made parties to the action (Ziegler v. Lamb, 5 App. Div. 47, 40 N. Y. Supp. 65). The examination before trial of a defendant by the plaintiff should not be granted merely to enable the plaintiff to find out what his opponent's witnesses will swear to, or to enable the plaintiff to procure other evidence to be produced upon the trial. Leary v. Stock, 15 App. Div. 397, 44 N. Y. Supp. 82. A plaintiff cannot compel his adversary to appear and be examined before the trial when the object of the examination is merely to compel him to disclose the evidence by which he intends to establish his defense, but such an examination must be confined to facts which tend to establish plaintiff's cause of action. Adams v. Cavanaugh, 37 Hun, 232. I do not think the present application comes under any of the prohibitory principles above set forth. As we have seen, the plaintiff is utterly unable to show the facts which tend to establish her cause of action, beyond the mere fact of the explosion and consequent injuries, without the aid of the defendant.

The witness under examination could give facts concerning the nature of the explosion if he should refer to the reports of the superintendent.   In the case of Press Pub. Co. v. Star Co., 33 App. Div. 242, 53 N. Y. Supp. 371, an appeal was taken from an order denying a motion to vacate an order for the examination of the president of the defendant corporation, which order also required him to produce before the referee on such examination certain books of the company.   The appellate court affirmed the order denying the motion to vacate the order for such examination, and the court say:

"The case is clearly one, therefore, within section 872 of the Code of Civil Procedure, and the plaintiff is entitled to examine the officers of the defendant association, because it is quite evident that the precise facts can be ascertained from no other source. The officers * * * state * * * that they intend to be present upon the trial of the action, but such an intention does not affect the right to an examination before trial. Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957. The objection to the production of the books is not well taken. That portion of the order is authorized by the seventh subdivision of section 872 of the Code of Civil Procedure. Its object is that if a reference to the books becomes necessary during the examination, either to corroborate or contradict a witness, or to make the proof preliminary to the introduction of the books in evidence upon the trial, such proof may be made, and the books may be referred to for that purpose. This is not an order for the discovery and inspection of the books, but purely such a one as is authorized by the section of the Code above referred to."

The weight of authority, it is true, is in favor of limiting such examinations to such facts as are material to establish the cause of action or defense of the party who seeks the examination, and of not permitting the evidence which relates exclusively to the cause of action or defense of the examined party to be inquired into.   Adams v. Cavanaugh, 37 Hun, 233.   But it is apparently solely for the purpose of seeking such facts as are material to establish her cause of action that plaintiff asks the production of the reports for reference on the examination of defendant's assistant treasurer.   She has got to show on the trial the circumstances of the explosion, which she cannot do without obtaining some information from the defendant.   In the case of Boeck v. Smith, 85 App. Div. 576, 83 N. Y. Supp. 428, Mr. Justice Hatch says:

"In the case of a corporation, the inspection [of books] may be had with the examination, pursuant to section 872, subd. 7, of the Code of Civil Procedure."

In the case of Horst v. Yuengling Brewing Co., 1 App. Div. 629, 37 N. Y. Supp. 3, the court, by Barrett, J., say:

"A proper case was also made out for the production by the witness of books and papers as authorized by the seventh subdivision of section 872 of the Code of Civil Procedure. The respondent is in error in supposing that the plaintiffs' object was a discovery or an inspection of these books and papers. No such discovery or inspection is authorized under these proceedings. What the witness is required to do is simply to produce the books and papers upon his examination. The effect of the order in this regard is the same as a subpœna duces tecum upon the trial. What the plaintiffs would be permitted to do upon the trial under a subpœna duces tecum they may do now under this order. No more, no less. Their object is to prove

their case by the testimony of the witness, and by such documentary evidence as he may produce under the order. This is plainly a case where the proof of authority and assumption must in the main be documentary; and it was entirely proper to require the witness to produce such documentary evidence, not * * * for inspection, but as an adjunct to the examination of the witness, and to enable the plaintiffs to put the documentary evidence in as a part of such oral examination."

Then, again, in the recent case of Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749, Mr. Justice Laughlin, says:

"In the case of an examination ordered under sections 870–873, of a party not a corporation, there is no authority for an inspection, or for requiring the production of books or papers, even for use upon the examination of the party, except by subpœna duces tecum; but in the case of a corporation the court is now authorized by subdivision 7 of section 872, without the formality of subpœna duces tecum, to order the production of books and papers, not for an inspection by the adverse party, but for the use of the witness upon the examination."

It is true the learned justice goes on to state that, "even in the case of a corporation, if an inspection is desired in the technical sense, it must be obtained as provided in sections 803–809." In the case at bar, as we have seen, no technical inspection is asked, but the papers are desired simply for use of the witness on the examination of defendant's assistant treasurer.

The defendant's counsel raises the point of laches in making this motion. Section 870 of the Code provides that the examination may be made "at any time before or during the trial." Besides which, the delay caused by the appeal taken by the defendant from the order denying the motion to vacate the order for the examination explains much of the alleged laches. It seems to me that the production of the books and papers upon the examination of defendant's officer is warranted by the Code, and it is certainly clear that, under the circumstances disclosed, the ends of justice will be best served by granting this motion.

Motion granted. No costs.