(58 Misc. Rep. 352.)

THAYER v. SCHLEY et al.

(Supreme Court, Special Term, New York County.   March, 1908.)

DISCOVERY—WITNESSES—SUBPŒNA   DUCES   TECUM—EXAMINATION   BEFORE
TRIAL.
    On proceedings for examination of defendant before trial, under Code
Civ. Proc. § 870, a subpœna duces tecum is proper.

Action by Russell Thayer against Grant B. Schley and others.   Motion to set aside subpœna duces tecum denied.

A. Leo Everett, for plaintiff.
Simpson, Thacher & Bartlett, for defendants.

LEVENTRITT, J.   The papers upon which the order for the defendants' examination before trial is based are in conformity with the requirements of the Code and rule 82.   The defendants do not properly state the rule applicable to these examinations.   Where the deposition of an adverse party is material and necessary, the right thereto is absolute, in the absence of bad faith.   Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078.   On such applications there can be no question of laches, as by the amendments to section 870 of the Code of Civil Procedure an examination may be had even during the trial.   The motion to vacate the order will be denied.

The subpœna duces tecum was properly issued to compel the production of books and documents, not for inspection, but for use by the parties to be examined.   There is no authority under sections 870–873 of the Code of Civil Procedure to order an inspection or to require the production of books and papers even for use upon the examination of a party, except by subpœna duces tecum.   Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749;   Coin Novelty Co. v. Lindenborn, 122 App. Div. 885, 106 N. Y. Supp. 508.   Therefore the motion to set aside the subpœna must also be denied, with $10 costs to plaintiff.

Settle order on notice.   Ordered accordingly.