### MENDELSON v. NEWBORG et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

DISCOVERY (§ 37*)—EXAMINATION OF PARTIES BEFORE TRIAL.

   An order may issue for an examination of defendants before trial,
   where the plaintiff's uncontroverted affidavit shows that he has a cause
   of action, and indicates that he is without sufficient information to in-

---

telligently frame a complaint in respect to matters other and additional to the question of the amount which he is entitled to recover.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. § 37.*]

Appeal from Special Term, New York County.

Action by Justin Mendelson against Moses Newborg and others. From an order vacating an order for the examination of two of the defendants before trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jacob A. Cantor, of New York City, for appellant.
Gabriel I Lewis, of New York City, for respondents.

SCOTT, J. The plaintiff seeks to examine two of the defendants before trial, in order to enable him to frame his complaint. The allegations in the plaintiff's affidavit, which are not controverted, serve to show that he has a cause of action;. but they also indicate that he is without sufficient information to intelligently frame a complaint. Ordinarily such an examination will not be allowed merely in order to enable the plaintiff to state the amount which he claims to be entitled to recover; but in the present case his lack of information does not appear to be limited to that item of his complaint.

Each application like the present must be determined upon its own facts, and with a view to facilitating, rather than retarding, the prompt and accurate formulation of the issues to be tried. The present action is not unlike the case considered by this court in Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749, wherein an order was sustained for an examination for the purpose of framing a complaint. Upon the authority of that case, we think that the order for examination should have been allowed to stand.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.