VARLEY v. WAYNE OIL TANK & PUMP CO.

(Supreme Court, Appellate Term, First Department.    April 3, 1916.)

1. DISCOVERY ⬿74—INSPECTION OF BOOKS AND PAPERS—ORDER.

Under Code Civ. Proc. § 872, subd. 7, as amended by Laws 1911, c. 781, providing that, where the party sought to be examined is a corporation, the affidavit shall state the names of its officers or managing agent whose testimony is necessary, or the books and papers as to the contents of which an inspection is desired, and that the order shall direct the examination of such persons and the production of such books and papers, and that on such examination the books and papers may be put in evidence, in addition to their use by the witness to refresh his memory, such books and papers, on examination of an adverse party before trial, may ordinarily be used only to refresh his recollection; and such rule applies to an examination of a corporation, except in so far as the Legislature has provided a different rule for their examination, but where the order does not direct the production of any books, etc., they cannot be produced for examination and for admission in evidence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 89; Dec. Dig. ⬿74.]

---

2. DISCOVERY ☜〰49—CORPORATION—"MANAGING AGENT."
    Under such provision, one only in charge of the sales office of a corpora-
tion, and having no discretion or authority to accept orders, and whose
office was under the supervision of the corporation's main or principal of-
fice in the state, was not a "managing agent," who might be examined
before trial.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig.
☜〰49.

    For other definitions, see Words and Phrases, First and Second Series,
Managing Agent.]

Appeal from City Court of New York, Special Term.

Action by William M. Varley against the Wayne Oil Tank & Pump
Company. From an order denying a motion to vacate an order ob-
tained by plaintiff ex parte for examination of defendant before trial,
defendant appeals. Reversed, and motion to vacate order granted.

Argued March term, 1916, before LEHMAN, WHITAKER, and
PENDLETON, JJ.

William J. Dodge, of New York City, for appellant.

Paul A. Zizelman, of New York City (Chester Mayer, of New York
City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff has obtained an order for the ex-
amination of the defendant through a person who is alleged to be its
manager. The moving affidavit shows affirmatively that the alleged
manager has no personal knowledge in regard to the matters upon
which he is to be examined, and the purpose of the examination is
concededly only to obtain the production of the records of the defend-
ant company, so that they may be offered in evidence under subdivi-
sion 7, section 872, of the Code. I think that it is well established
that on an examination of an adverse party before trial the books of
the party may ordinarily be used only to refresh the witness' recollec-
tion. Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749. This
rule applies to an examination of a corporation, as well as the exam-
ination of an individual, except in so far as the Legislature has seen
fit to provide a different rule for the examination of corporations.

In the amendment to subdivision 7 of section 872 of the Code by
chapter 781, Laws of 1911, the Legislature has provided that the order
of examination of a corporation shall direct the production of books and
papers as to which an inspection is desired, and "on such examination
the books or papers or any part thereof may be offered and received
in evidence in addition to the use thereof by the witness to refresh
his memory." In the present case, however, the order does not direct
the production of any books, and the plaintiff seeks to obtain their
production by a subpœna duces tecum. Consequently the statute re-
lied upon by the plaintiff has no application. There can be no question
that the Legislature intended and provided that the books of a corpo-
ration must be produced for examination, and for inspection, and for
admission in evidence only in those cases where the judge has so
ordered.

[2] Moreover, the affidavit of the person designated as manager states that he is only in charge of the sales office in New York, but has no discretion or authority to accept orders, that the main office of the corporation is in Albany, and that all the sales offices in the state of New York are under the supervision of the Albany office. If it be true that the sales office in New York is not the principal place of business of the corporation in the state of New York, and that the manager of the office in New York has no general authority or discretion, and even within his limited powers is under the supervision of the main office, then he is not a "managing agent" within the meaning of the statute. See Beck v. North Packing & Provision Co., 159 App. Div. 418, 144 N. Y. Supp. 602.

Order is therefore reversed, with $10 costs and disbursements, and motion to vacate the order of examination is granted, with $10 costs.

WHITAKER, J., concurs. PENDLETON, J., concurs in the result.