JOHN W. BLOCK, JR., Respondent, *v.* CHRISTINA PROSS and JOHN PROSS, Appellants.

Second Department, November 2, 1917.

**Deposition — examination of defendant before trial — order to file papers and facts with clerk — subpoena duces tecum.**

An order for the examination of the defendant before trial should not require him to impound with the clerk " any paper writings or instruments to base a written claim of title on," for the remedy, if any, is by *subpœna duces tecum.*

So, too, a requirement that the defendant impound with the clerk the date of his alleged occupancy of land and the names and addresses of persons through whom he claims title, etc., should be stricken out.

APPEAL by the defendants, Christina Pross and another, from an order of the Supreme Court, made at the Kings County

Special Term and entered in the office of the clerk of the county of Kings on the 18th day of June, 1917, denying their motion to vacate an order for their examination before trial.

*Julian V. Carabba*, for the appellants.

*Matthew J. Wheelehan*, for the respondent.

PER CURIAM:

The order, in so far as it directs an examination of the defendants, may be affirmed. (*Shonts* v. *Thomas*, 116 App. Div. 854.) But in so far as it requires the defendants to produce and to impound with the clerk " any paper writings or instruments to base a written claim of title on," it must be modified by striking out that requirement, for the remedy, if any, is by *subpœna duces tecum*. (*Thayer* v. *Schley*, 58 Misc. Rep. 352, per LEVENTRITT, J., citing *Matter of Sands*, 98 App. Div. 148, and other cases.)

The order should be modified further by striking out the apparent requirement that the defendants produce and impound with the clerk the " date when defendants' alleged occupancy began, and the name and address of the person or persons, if any, through whom defendants claim a title, and of the acts of defendants and prior occupants, if any, of the plaintiff's lands, showing cultivation, improvement and fencing, if any, either by defendants or prior occupants, if any, of plaintiff's lands." Such modification, however, is not to be taken as an absolute limitation of the right of examination upon such supposed features of the case.

The order is modified in accord with this opinion, and as so modified is affirmed, without the costs of this appeal to either party.

JENKS, P. J., THOMAS, STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order modified in accord with opinion, and as so modified affirmed, without costs of this appeal to either party. Order to be settled before the presiding justice.